UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to the Following Cases:

Shirley A. Parton, 1:18-cv-03371
Teresa Sykes, 1:19-cv-01167

_____

### ENTRY ON THE COOK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO CERTAIN NO-INJURY PLAINTIFFS (CONVERTED TO A MOTION FOR SUMMARY JUDGMENT)

On July 20, 2020, the Cook Defendants[1] filed a Motion for Judgment on the Pleadings on Counts I-IV of the Master Complaint based on Plaintiffs' categorization of their product liability claims as "non-symptomatic" in their original Case Categorization Forms ("CCFs"). At Plaintiffs' request, the court converted the motion to one for summary judgment. The primary issue is whether an asymptomatic perforation of the inferior vena cava ("IVC") is a legally cognizable injury under Kentucky and Texas law. The court, having read and reviewed the parties' submissions, the designated evidence, and the applicable law, now **GRANTS** the Cook Defendants' motion for summary judgment.

---

[1] The Cook Defendants are: Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS.

I.  **Background**

   A.  **Teresa Sykes**

On August 1, 2013, Sykes' physician implanted a Cook Celect IVC filter in Sykes' infrarenal IVC at St. Luke's Woodlands Hospital in The Woodlands, Texas. (Filing No. 19436-1, Implant Records). A post-placement venogram demonstrated proper placement of the IVC filter. (*Id.*). On January 24, 2019, Sykes underwent a CT scan of her abdomen and pelvis. (Filing No. 19436-2, Supp. CCF). The CT scan showed that 4 struts had perforated her IVC, with prongs extending up to 8.01 mm beyond her caval wall. (*Id.*).

Since mid-2019, Sykes has experienced constant, excruciating abdominal pain. (Filing No. 19435-3, Decl. of Teresa Sykes ("Sykes Decl."), ¶ 6). Tests performed at various hospitals ruled out gallbladder issues as the cause of her pain. (*Id.*, ¶ 7).

   B.  **Shirley Parton**

On April 2, 2012, Parton's physician implanted a Cook Günter Tulip IVC filter in Parton's IVC at the University of Kentucky Chandler Medical Center in Lexington, Kentucky. (Filing No. 19436-3, Implant Records). The filter was deployed in good position, without asymmetry or tilting. (*Id.*). On February 6, 2018, Parton underwent a CT scan of her abdomen and pelvis. (Filing No. 19436-4, Supp. CCF). It showed that a prong of her IVC filter had perforated her caval wall by 4.2 mm. (*Id.*).

   C.  **Dr. Muehrcke**

In support of their product liability claims, Plaintiffs submit the declaration of Dr. Derek Muehrcke, a cardiothoracic surgeon. (Filing No. 19435-1, Declaration of Derek

Muehrcke).  He was asked to provide his medical opinion as to whether a perforation by a Cook Gunther Tulip or Celect IVC filter through the IVC, by at least 3 mm but without interaction with other retroperitoneal structures, constitutes harm or injury to the IVC. (*Id.*, ¶ 3).  He concluded that it does.  Dr. Muehrcke explained that "[p]uncture of the IVC wall by an IVC filter leads to bleeding, activation of the clotting cascade, fibroblast activation, and scar formation."  (*Id.*, ¶ 5).  In this way, the body "immediately acts to heal the [perforation]."  (*Id.*).

Dr. Muehrcke also testified that perforation "can" lead to active bleeding if the patient is on blood thinners (anticoagulants), and it "can" lead to active clot in the IVC that "can" cause thrombosis.  (*Id.*).  "Perforation can also progress to interact with surrounding structures (aorta, lumbar spine, psoas muscle, duodenum, and ureter)."  (*Id.*, ¶ 7).

Cook countered with Dr. Muehrcke's deposition testimony from the *McDermitt* case.  There, Dr. Muehrcke testified that perforation causes endothelialization.  (Filing No. 19558, Deposition of Dr. Muehrcke ("Muehrcke Dep.") at 184).  In Dr. Muehrcke's opinion, this inflammatory response with the intima of the IVC is an "injury" even though "[y]ou may have no symptoms at all."  (*Id.* at 269).  But he also acknowledged that inflammation is an expected consequence of inserting an IVC filter in the vena cava and that inflammation is part of the mechanism by which a filter remains in place.  (*Id.* at 194 ("I think all – all devices will have intimal endothelialization. . . [P]erforation is a little greater extent of that, but all IVC filters will have an inflammatory response with the intima of the inferior vena cava."); *id.* at 195 ("Q: [Inflammation] is part of how [IVC

3

filters] stay in place, correct?  A: Yes.")).  When asked whether he believed that a patient was "injured" every time an IVC filter is placed, he responded: "Every time you put an IV[C] in a patient, they have an injury."  (*Id.* at 262).

Notably, Dr. Muehrcke agrees that "perforations can be asymptomatic" and that such patients "don't always suffer a detrimental or clinical effect."  (*Id.* at 257-58).

**II.    Discussion**

This motion addresses the following claims: Strict Products Liability – Failure to Warn; Strict Products Liability – Design Defect; Negligence; and Negligence Per Se.  The issue raised is whether an asymptomatic perforation of the IVC by an IVC filter is a legally cognizable injury.  The parties agree that Texas law applies to Sykes' claims and Kentucky law applies to Parton's claims.  There are no cases from either Kentucky or Texas—or any other state or federal jurisdiction—that are directly on point.

Under Kentucky law, "a cause of action in tort requires a present physical injury to the plaintiff."  *Wood v. Wyeth-Ayerst Labs. Div. of Am. Home Prods.*, 82 S.W.3d 849, 852 (Ky. 2002).  Under Texas law, a plaintiff must "demonstrate 'actual injury' to pursue a claim."  *Martin v. Home Depot U.S.A., Inc.*, 369 F.Supp.2d 887, 890 (W.D. Tex. 2005); *Rivera v. Wyeth–Ayerst Labs.,* 283 F.3d 315 (5th Cir.2002) (dismissing the plaintiffs' product liability lawsuit because the plaintiffs alleged no injury in fact).

Both Kentucky and Texas follow the Restatement (Second) of Torts.  *James v. Bell Helicopter Co.*, 715 F.2d 166, 170 (5th Cir. 1983) (applying Texas law); *Wood v. Wyeth-Ayerst Labs. Div. of Am. Home Prods.*, 82 S.W.3d 849, 854-55 (Ky. 2002).  Under the Restatement (Second) of Torts, a cause of action for products liability, regardless of

4

whether it sounds in negligence or strict liability, requires "physical harm."  Restatement (Second) of Torts §§ 388, 402A(1) (1965).  To qualify as "physical harm," there must be a "physical impairment of the human body."  Restatement (Second) of Torts § 7(2), (3).  Kentucky and Texas also follow the Restatement (Third) of Torts.  *See Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*, 536 Fed. Appx. 558, 568 (6th Cir. 2013); *Anthony v. Sunbeam Prods., Inc.*, No. 1:18-cv-607, 2020 WL 4677429, at *4 (E.D. Tex. May 5, 2020).  Section 4, comment c of the Restatement (Third) of Torts explains that "any level of physical impairment is sufficient for liability; no minimum amount of physical harm is required."  Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 4 cmt. c.  To qualify as an "impairment," the change in the condition of the plaintiff's body "must be detrimental."  *Id.*, reporter's note, cmt. c.

     Here, neither Sykes nor Parton have brought forth evidence showing that their asymptomatic perforations have caused any present physical impairment or detriment to their health.  True, as Dr. Muehrcke testified, there is a chance that the "clotting cascade can lead to active clot in the IVC" and that "scarring to heal the damage caused by the IVC filter can make subsequent removal of the IVC filter more difficult."  (Muehrcke Decl. ¶¶ 5-6).  But there is no evidence that either Sykes or Parton has an active clot that is presently impairing the function of their IVCs, evidence of unsuccessful removal attempts that have caused them physical harm, or evidence that their perforations have affected their daily lives in any practical, functional way.  *See Sondag v. Pneumo Abex Corp.*, 55 N.E.3d 1259, 1264 (Ill. Ct. App. 2016) (holding plaintiff, who had pleural plaques and interstitial fibrosis but no noticeable respiratory symptoms, failed to establish

5

"physical harm," noting "we do not see how these conditions have affected him in any practical, functional way").  Indeed, Parton acknowledges her perforation is "without any other sequelae" and that she "is not presently experiencing symptoms."  (Filing No. 19434, Pl.'s Resp. at 11).  And although Sykes maintains she has experienced constant abdominal pain since mid-2019, she never claims she subjectively believes the pain is related to her filter, let alone that any qualified medical expert has suggested a connection.  (*See generally*, Sykes Decl.).  Even Dr. Muehrcke acknowledges that perforation does not always cause symptoms and that asymptomatic patients do not always suffer a detrimental or clinical effect.  (Muehrcke Dep. at 257-58).

The second issue the court must address is whether Texas law allows Sykes to recover damages for perforation-related harms that may develop in the future.  *See Pustejovsky v. Rapid Am. Corp.*, 35 S.W.3d 643, 652 (Tex. 2000) ("It is our long-established rule that a plaintiff may recover for a disease that may develop in future years only if the person establishes that there is a reasonable medical probability that the disease will appear.").  Sykes argues that because she has adduced evidence that perforation is progressive over time, which carries the risk of "impacting other organs in the body," her product liability claims survive.

The issue in *Pustejovsky* was whether a plaintiff who had already developed an asbestos-related disease (asbestosis) was barred by the single-action rule from recovering for the subsequent development of another latent asbestos-related disease (mesothelioma).  *Id.* at 644, 652.  The Texas Supreme Court held he was not barred from bringing the action in part because, to recover for damages that may develop in the

6

future, a plaintiff must demonstrate a greater than fifty percent chance of developing the disease in the future. *Id.* at 652. The Court found that, "[a]s with many similarly situated asbestosis sufferers," it was unlikely[2] plaintiff could have produced such evidence in his first suit that would have allowed him to recover for the future risk of cancer. *Id.*

*Pustejovsky* is inapplicable to Sykes' claims. Unlike the plaintiff in *Pustejovsky*, Sykes is asymptomatic; she has not been diagnosed with a disease. Moreover, the Texas Supreme Court limited *Pustejovsky*'s holding "to asbestos-related diseases resulting from workplace exposure." *Id.* at 653. But even if *Pustejovsky* did apply, Sykes has not presented evidence that she has a greater than fifty percent chance of developing a filter-related injury in the future. Dr. Muehrcke speaks in terms of conditions that "can" happen from a filter perforation but stops short of opining that such "injuries" are more likely than not to occur in the future.

Lastly, the single-action rule provides a strong policy reason in support of the court's decision. If Plaintiffs were to prevail, their damages would likely be minimal. A judgment for or against Plaintiffs would foreclose a subsequent lawsuit based on their filters. Thus, allowing suit for asymptomatic perforation would preclude Plaintiffs—in the event a substantial filter-related injury developed—from recovering any damages.

**III.    Conclusion**

For the reasons set forth above, the court finds Plaintiffs have failed to raise a genuine issue of material fact that the injury they claim—asymptomatic perforation—

---

[2] Plaintiff's expert testified that approximately fifteen percent of asbestosis patients develop mesothelioma. 35 S.W.3d at 646.

constitutes a present physical harm.  Therefore, the Cook Defendants' Motion for Judgment on the Pleadings as to Certain No-Injury Plaintiffs (converted to a Motion for Summary Judgment) (Filing No. 13728) is **GRANTED** and Counts I-IV of Plaintiffs' Complaints are dismissed.  In the event Plaintiffs suffer physical harm in the future, they may refile their cases, to the extent the applicable law allows, in the Southern District of Indiana.  Counts V (breach of express warranty), VI (breach of implied warranty), VII (consumer fraud), and XI (punitive damages) of Plaintiffs' Complaints remain.

**SO ORDERED** this 28th day of September 2021.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.